WACHENFELD *et al. v.* FAVRE.*

(Division B.   Jan. 21, 1929.)

[119  So.  911.   No.  27593.]

---

*Corpus Juris-Cyc. References: Landlord and Tenant, 35CJ, section 394, p. 1143, n. 1.

(1)

*Mize, Mize & Thompson,* for appellants.

*J. A. Sykes,* for appellee.

ANDERSON, J. Appellee brought this action in the county court of Harrison county against appellants to recover the sum of one hundred and seventy-five dollars for the rent of a building and lot in the city of Gulfport for the month of September, 1927, alleged to be due appellee by appellants. There was a judgment rendered by the county court in favor of appellee against appellants for the amount sued for, and from that judgment appellants appealed to the circuit court of Harrison county, which court affirmed the judgment of the county court. From the judgment of the circuit court, appellants prosecute this appeal.

There was no conflict in the evidence that there was a valid lease for the minimum term of one year. The evidence on behalf of appellants tended to show that there was a lease for one year with the option on the part of the appellants to renew the lease for a term of five years, or any part thereof, while the evidence for appellee was to the effect that there was a lease for two years without any option of renewal.

Appellants contend that there was no valid contract of lease because the minds of the parties did not meet on the terms of the lease. The terms of the lease not having been embodied in writing and executed by the parties, appellants went into possession of the premises and occupied them for two months, paying the agreed monthly

rent in advance. By doing so, appellants took the chances of coming to an agreement with appellee as to the terms of the lease. To illustrate the principle involved, A offers to lease to B his storehouse and lot for one year at one hundred per month, payable in advance on the first of each month. B declines the offer, but makes a counter-proposition that the lease be for a term of two years instead of one, to which proposition A refuses to accede. Their minds meet on all the terms of the lease, except whether it shall be for one or two years. Notwithstanding such lack of agreement as to the length of the lease, B takes charge of the storehouse and lot and occupies it for two months, paying A in advance one hundred dollars per month. Do those facts and circumstances constitute a lease for one year? We think so. B takes the chance on A's coming to his terms; and B's conduct means that, if A does not do so, B will acquiesce in A's terms. In other words, B's conduct is an acceptance of A's terms provided B shall be unable to induce A to accept his terms.

We are of the opinion that the undisputed evidence shows that appellants leased the premises on the terms offered by appellee, which, under the Statute of Frauds (Hemingway's Code 1927, section 3325), was a valid rental for one year.

*Affirmed.*