OXFORD SPOTLESS CLEANERS *v.* MAYFIELD.

(Division B. June 2, 1930.)

[128 So. 567. No. 28760.]

R. J. Farley, of Oxford, for appellant.

**J. W. T. Falkner,** of Oxford, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

W. B. Mayfield filed a suit against the Oxford Spotless Cleaners, a partnership composed of Phil Carnathan, R. J. Farley, and Earl Fudge, and doing business in the city of Oxford, for rents upon a building for certain months, the rent amounting to two hundred dollars.

The first contention is that the statement of account before the justice of the peace was insufficient, and that the court acquired no jurisdiction thereby to decide the case. The statement of account referred to reads as follows:

"Oxford, Mississippi, May 1, 1929.

"The Oxford Spotless Cleaners, a partnership composed of Phil Carnathan, R. J. Farley, and Earl Fudge in account with W. B. Mayfield.

| | |
|---|---|
| February 1, 1929 to rent of building for the month of January | $ 50.00 |
| March 1, 1929 to rent of building for the month of February | $ 50.00 |
| April 1, 1929 to rent of building for the month of March | $ 50.00 |
| May 1, 1929 to rent of building for the month of April | $ 50.00 |
| Total | $200.00 |

—and affidavit made in regular form to 'the above and foregoing account.'"

This statement of account was verified by affidavit that the account is true and correct, the same is just and owing from the Oxford Spotless Cleaners, and is now due, and that the same is unpaid in whole or in part.

The justice of the court rendered judgment for one hundred ninety dollars, it appearing that a payment had been made to the plaintiff of ten dollars by some other person who had occupied the building or a part of it for a limited time. There was an appeal to the circuit court,

appeal bond being signed by the appellants, B. S. Mize and F. J. Buchanan, and in the circuit court the cause was tried de novo, and verdict for the same amount rendered, upon which judgment was entered with interest, damages, and costs, and from this an appeal is prosecuted.

We think the statement of account is sufficient, and that the assignment of error as predicated thereon is without merit. It appears that Mayfield, the owner of the building, lived near Water Valley, Mississippi, and that the Oxford Spotless Cleaners desired to lease the building. Mr. Farley of that firm went to the place of Mr. Mayfield, the plaintiff, in September, 1928, prior to the months involved, to see about renting the building. The first visit there was on Sunday afternoon, and there was some discussion of the matter, but Mr. Mayfield, according to his testimony, declined to make any contract or negotiation at that time. It also appears from this conversation that it was necessary for the building to be repaired to meet the wants of the Spotless Cleaners. Mr. Mayfield told Mr. Carnathan that he would go to Oxford and see a party there, and, if he could get the money from said party, he would take the matter up. Subsequently Mayfield did go to Oxford and arrange to get the money to repair the building. In the first conversation it was stated that Mayfield would want forty dollars per month for the portion of the building under discussion, but, in subsequent conversations, the Oxford Spotless Cleaners decided they wanted additional space in the building that had been used for washing cars by a garage, and negotiations were entered therefor, and Mayfield stated that it would take fifty dollars per month to have both places they desired. According to the proof of the plaintiff, there was a verbal agreement that a contract would be entered for not less than one year and probably for a longer period, not to exceed five years, for the said building; that the plaintiff

was unwilling to lease the building for a shorter term than one year on account of the amount of money it would take to put it in condition for the use for which the Spotless Cleaners desired it. The Spotless Cleaners entered upon the contract, and paid rent up to the 1st of January. In December they tendered to the plaintiff a written contract providing for the lease of property up to January 1, 1929, with an option of renewal of the lease for one to five years. This contract was not acceptable to the plaintiff, and he declined it on the ground that the term was too short, and that the original agreement called for a lease of at least one year. About the 2d day of January, 1929, Mr. Carnathan of the Spotless Cleaners stated to the plaintiff that he expected to move out of the building, and plaintiff told him that, whether they moved out or not, he would expect them to pay the rent. The Spotless Cleaners did move out on the 15th of January, and declined to pay rent for a longer period of time than fifteen days.

Mayfield had spent something in the neighborhood of three hundred dollars in putting the building in the condition desired. It was testified by both sides that they each desired a written contract, but there is a dispute between them as to the substance of the oral contract under which they entered the premises, and which was to be reduced to writing subsequently. The defendants contended that they were not obligated to take the place longer than the 1st of January, and the written contract tendered to the plaintiff and refused by him embraced their agreement. It is urged by the appellants that, inasmuch as there was to be a written contract, and that it never was reduced to writing, signed and accepted by the parties, the plaintiff cannot recover any longer than the period in which they actually occupied the building; that either party up to the time of the signing and accepting of a written contract could withdraw from it. We do not think this contention is sound. The verbal contract was

good for one year, and the fact that the defendants entered possession under the contract and were paying rent thereunder was a partial performance by them of the contract, and the case in this respect is governed by Wachenfeld et al. v. Favre, 152 Miss. 1, 119 So. 911.

It is also complained that the court admitted in evidence, over objection of the appellant, testimony for the plaintiff that he expended approximately three hundred dollars in putting the building in a state of repair to meet the wants of the appellants. We do not think there was any error in showing this or showing the probability of the plaintiff's version of the contract being correct. We think it is proper to show that in pursuance of the contract he put the building in condition called for by the contract, and that it was in such condition at the time the account sued on accrued.

We think there is no merit in the other assignments of error, and judgment of the court below will be affirmed.

Affirmed.